AO 243 (Rev. 5/85)

**MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| **United States District Court** | District | EASTERN DISTRICT OF LOUISIANA |
|---|---|---|
| Name of Movant<br>Kevin Williams | Prisoner No.<br>27373-034 | Case No.<br>CR00-383 |
| Place of Confinement<br>Federal Correctional Institution at Texarkana, Texas | | |

UNITED STATES OF AMERICA    v.    KEVIN WILLIAMS
(name under which convicted)

*[Filed stamp: U.S. DISTRICT COURT EASTERN DISTRICT OF LOUISIANA, FEB - 3 2005, LORETTA G. WHYTE]*
*[Stamp: 00-383, SECT. D, MOTION]*

1. Name and location of court which entered the judgment of conviction under attack **United States District Court For The Eastern District of Louisana located at 500 Camp street, Room C-151 New Orleans, LA 70130**

2. Date of judgment of conviction **September 28, 2001**

3. Length of sentence **168 month**

4. Nature of offense involved (all counts) **Conspiracy to possess with intent to distribute approximately 171 grams of cocaine hydrochloride and over 50 grams of cocaine base in violation of 21 USC 846: Count One of distribution of cocaine base in violation of 21 USC 841(a)(1): Count one of possession with intent to distribute cocaine base hydrochloride also in violation of 21 USC 841(a)(1)**

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
   **Plead guilty to Count One**

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☐        N/A

7. Did you testify at the trial?
   Yes ☐ No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☐ No ☒

___ Fee
___ Process
_X_ Dktd
___ CtRmDep
___ Doc. No

(2)

AO 243 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court _____ N/A _____

   (b) Result _____ N/A _____

   (c) Date of result _____ N/A _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
    Yes ☒ No ☐

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court ___ United States District Court For The Eastern District of Louisana

    (2) Nature of proceeding ___ 2255 Motion _____

    (3) Grounds raised ___ Two Point Gun Enhancement and Ineffective Assistance Of Counsel

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐ No ☒

    (5) Result _____ Denied _____

    (6) Date of result _____ January 7, 2004 _____

    (b) As to any second petition, application or motion give the same information:

    (1) Name of court ___ Court Of Appeals For The Fifth Circuit

    (2) Nature of proceeding ___ Appeal from the 2255 Motion

    (3) Grounds raised ___ Tow Point Gun Enhancement and Ineffective Assistance Of Counsel

(4) Did you receive an evidenuary hearing on your petition, application or motion?
Yes ☐ No ☒

(5) Result _____ Denied _____

(6) Date of result _____ May 4, 2004 _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.    Yes ☒ No ☐
(2) Second petition, etc.   Yes ☐ No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

N/A

_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: _____ See Attachment _____

Supporting FACTS (state *briefly* without citing cases or law) _____
See Attachment

B. Ground two: _____ See Attachment _____

Supporting FACTS (state *briefly* without citing cases or law): _____
See Attachment

C. Ground three: _____ See Attachment _____

Supporting FACTS (state *briefly* without citing cases or law): _____
See Attachment

(5)

AO 243 (Rev. 2/95)

N/A

D.  Ground four: N/A

Supporting FACTS (state *briefly* without citing cases or law)

N/A

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state *briefly* what grounds were not so presented, and give your reasons for not presenting them:

N/A

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ☐      No ☐

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

   (a) At preliminary hearing   Robin E. Schulbery, 501 Magazine Street, Suite 318, New Orleans, LA 70130

   (b) At arraignment and plea   Same

   (c) At trial

   (d) At sentencing   Same

(6)

AO 243 (Rev. 2/95)

(e) On appeal  John H. Musser, 614 Tchoulpitoues Street, New Orleans, LA 70130

(f) In any post-conviction proceeding _____ N/A _____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____ N/A _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
    Yes ☐        No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐        No ☒

    (a) If so, give name and location of court which imposed sentence to be served in the future: _____
        N/A

    (b) Give date and length of the above sentence: _____ N/A _____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
        Yes ☐        No ☒

Wherefore, movant prays that the Court grant petitioner relief to which he or she may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

____January 31, 2005____
         (Date)

_____
Signature of Movant

(7)

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

KEVIN WILLIAMS.                )
    DEFENDANT.                  )
                                )
                                )
                                )
    -VS-                        )    Case No. 00-383
                                )
                                )
                                )
UNITED STATES OF AMERICA.       )
    RESPONDENT                  )
                                )

DEFENDANT 2255 MOTION PURSUANT TO THE SUPREME
COURT NEW RULING OF LAW IN UNITED STATES V.
BOOKER, 543 U.S.____(2005) IN VIOLATION OF
DEFENDANT SIXTH AMENDMENT.

COMES NOW the Kevin Williams, Reg. No. 27373-034, Pro Se, in the above captioned style would respectfully ask this Honorable Court to vacate, set aside and/or correct Defendant enhance sentence pursuant to the Supreme Court New Ruling of Law in United States v. Booker, 543 U.S.____(2005) in violation of Defendant Sixth Amendment. Defendant state as follows:

STATEMENT OF THE CASE

A Grand Jury for the Eastern District of Louisiana returned a Superseding Indictment charging Defendant, Kevin Williams with various violation of the Federal Controlled Substance Act, to-wit: Conspiracy to possess with intent to distribute approximately 171 grams of cocaine hydrochloride and over 50 grams of cocaine base in violation of 21 U.S.C. 846: One Count of distribution of cocaine base in violation of 21 U.S.C. 841(a)(1): One Count of possession with intent to distribute cocaine base hydrochloride also in violation of 21 U.S.C. 841(a)(1).

Defendant, Kevin Williams plead guilty to Count ONe, Conspiracy to possess with intent to distribute and Count Three distribution of over 50 grams of cocaine base

pursuant to the Plea Agreement in which he waived his right to appeal unless the District Court imposed punishment in excess of the statutory maximum or departed upward from the Sentencing Guideline that the Sentencing Court deemed most applicable.

The Probation Officer (PSI) Report recommended a base offense level of 36, finding that Defendant, Kevin Williams relevant conduct made him accountable for at least 500 grams of cocaine base, but less than 1.5 Kilograms a base offense of 36. The (PSI) Report further recommended an addition enhancement for two point offense level for possession of a firearm pursuant to U.S.S.G. 2D1.1(b). The facts surrounding the two level enhancement is that on or about January 10, 2001, Defendant, Kevin Williams was arrested leaving his Attorney's office. A revolver was in Defendant, Kevin Williams rear pocket. A search warrant was executed at "Big Daddy Lounge", the agents found 146 grams of crack cocaine and 46 grams of cocaine hydrochloride hidden in a pool table. Base on these facts, supra the (PSI) Report recommended Defendant, Kevin Williams to be enhance two level pursuant to 2D1.1(b). See, Vol. 1, page 74 through 76. The (PSI) Report Supplemental Addendum, page 19: Vol 3, Sentencing Transcript page 3.

Defendant, Kevin Williams filed an written objection to the two level enhancement and object and argued at sentencing that the evidence showed no connection between the firearm and his drug offense. See, (PSI) Report Supplemental Addendum, page 19: Vol 3, Sentencing Transcript, page 2 through 3.

The District Court rejected Defendant, Kevin Williams argument and objection to the two level and explictly adopted the (PSI) Report that Defendant, Kevin Williams was arrested with an revolver shortly after leaving his Attorney' office and sentenced Defendant, Kevin Williams to 168 months, the bottom end of the level 35 as recommended by the (PSI) Report based on the enhancement.

DEFENDANT LIMITED WAIVER OF DEFENDANT RIGHTS DOES NOT
PRECLUDE THIS COURT FROM HEARING THIS ISSUES PRESENT
IN THIS "2255 MOTION".

ARGUMENT 1

Any waiver of right to appeal should be closely scrutinized in light of the extreme importance of the right that a Defendant is waiving. In fact, there are two District Courts that have held that appeal waiver in Plea Agreements are invalid. See, United States v. Perez, 46 F. Supp. 2d. 59 (D. Mass. 1999)(holding that appeal waiver clauses are contrary to public policy and void), United States v. Raynor, 989, F. Supp. 43 (D.D.C. 1997)(holding that it would not accept a plea agreement that left a defendant without the right to challenge a sentence that had not yet been imposed). The underlying nationale in those cases is that a defendant can hardly be said to have knowingly waived the right to appeal when it is not ever clear at the time of the waiver what issues could be appealed. In the insatnt case, since the sentence was not yet imposed, it was impossible to determine what, if any, issues could be raised on direct appeal or 2255 Motion. Defendant "did not" waive his Sixth Amendment to two level enhancement pursuant to Blakely v. Washington, U.S. 124 S. Ct. 2531, 159 L Ed 2d. 403 (2004), which as cast a long shadow over the Federal Sentencing Guidelines.

The Supreme Court had already held that "other than the fact of a prior concicction, any fact that increase the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt". Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L Ed. 2d 435 (2000). In Blakely it let the other shoe drop and held over pointed dissents that "the statutory maximum" for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury vedict or addmitted by the defendant". Blakely v. Washington, supra, at 2536. In other word, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the

-3-

maximum he may imposed "without" any additional findings. When a judge inflicts punishment that the jury's verdict alone "does not" allow, the jury has not found all the facts which the law make essential to the punishment, and the judge exceeds his proper authority. The Supreme Court regards as the relevant statutory maximum that the judge can impose without making his own findings, above and beyond what the jury found or the defendant admitted or did not contest.

Although Defendant, Kevin Williams arguable waived his right to challenge a sentence that was properly and legally calulated, he did not intent to waive the right to a sentence that was calculated properly under the Sentencing Guidelines. Defendant, Kevin Williams certainly "did not" knowingly waive his right to be sentenced according to the law and agree to be sentence irrespective of the guidelines. Had Defendant, Kevin Williams waive the right to be sentenced under the rules of the guidelines, the District Court would have been free to imposed any sentence without regard to the applicability of any guideline section.

As one respected District Court Judge stated, a defendant's appeal waiver "does not" waive the District Court's error in calculating or imposing sentence:

> Suppose a case where the amount of cocaine base was five grams, but the Court, by mistake, makes a factual finding (perhaps because of a grave mathematical error) that there was 50 grams. The sentencing range would increase drastically and unjustifiably, yet there would be no right to appeal. Or suppose that a defendant has two prior convictions that ought to count towards his or her criminal history points, but the probation officer in preparing the presentence investigation report erroneously concludes that there are five offenses that should be considered, and the Court adopts the probation officer's mistaken conclusion. The defendant would receive a much more substantial sentence as a result, yet he or she would have no right to appeal. Barring the possibility of a clarvoyant defendant, in none of these cases could there be a knowing and intelligent waiver of the right to appeal and collaterally attack such sentences.

United States v. Raynor, 989 F. Supp. 43, 44 (D.D.C. 1997).

Defendant, Kevin Williams waiver of Direct Appeal or 2255 Motion "did not" include a waiver of his right to be enhanced, as that right simply "cannot" be waived.

-4-

Defendant, Kevin Williams had been illegally sentence in this case, and his limited appeal waiver "can not" stand between him and a sentence that fall within the constitutional boundaries. Defendant, Kevin Williams sentence is illegally, because it was unjustifiably enhance for possession of a firearm when that weapon played no role in the offense and no evidence was showed connection between the firearm and his drug offense. Defendant, Kevin Williams "could not" knowingly waive his right to appeal on this isue when he "did not" yet know that he would be sentenced illegally. Defendant, Kevin Williams "did not" knowingly waive his due process right to have the District Court enter a sentence in accordance with the Sentencing Guidelines, and he "did not" waive his Sixth Amendment Right.

### THE DISTRICT COURT COMMITTED PLAIN ERROR IN ENHANCING DEFENDANT'S SENTENCE BY TWO LEVEL FOR POSSESSION OF A FIREARM
#### ARGUMENT 2

Under the plain error stand: (1) there must be an error: (2) the error must be plain: (3) the error must affect the Defendants' substantial rights: and (4) the error must seriously affect the fairness, integrity or public reputation of judicial proceedings See, Johnson v. United States, 520 U.S. 461, 467, 117 S Ct. 1544 (1997) and United States v. Olano, 507 U.S. 725, 732, 113 S Ct. 1770 (1993).

Section 2D1.1(b)(1) Sentencing Guidelines provides that "if a weapon was possessed, increase by two level". U.S.S.G. 2D1.1. This section of the guidelines allow a District Court to impose a two-point enhancement in the base offense of a defendant when a weapon is possessed in conjunction with drug trafficking crime.

The 2D1.1(b)(1) enhancement is appropriate if a firearm "was possessed during the course of amnufacturing, importing, exporting or trafficking in narcotic, including attempting or conspiring to do so". However, "the enhancement would not be applied

if defendant was at his Attorney office. The adjustment should not being applied if the weapon was not present, unless it is clearly improbable that the weapon was connected with the offense. Application Note 3, section 2D1.1. See, United States v. Cooper, 274 f3d. 230, 244 (5th Cir. 2001). A temporal and spatial relation has to exists between the weapon and drug trafficking activity and the defendant. The evidence surrounding this case clearly show no temporal and spatial relationship with Defendant, Kevin Williams and the gun. Therefore the enhancement "does not" meet the requirement of the test in Cooper or 2D1.1(b)(1).

In the case of United States v. Montgomery, 14 f3d. 1189 (7th Cir. 1994), the Court Of Appeals reversed for resentencing on this issue. In that case, the defendant had a gun found in his apartment on April 25. No drugs were found in the apartment. On April 24, the defendant had committed a drug trafficking offense. This circuit found that under these circumstances, there was not a sufficient nexus to tie the weapon to the offenses of conviction, and remanded for resentencings. Id at 1199.

In United States v. North, 900 f2d. 131 (8th Cir. 1990), the Eighth Circuit held that it was improper to enhance the defendant's sentence based on possession of a weapon during the commission of a drug offense under 2D1.1 See also United States v. Shields, 44 f3d. 673 (8th Circuit 1995)(although firearms were seized from appellant's residence, there was no evidence present which would indicate the weapons were present during any illegal activity and no evidence establishing a nexus between the weapons and the drug crimes). In North, at the time of the defendant's arrest, the police found: (1) a cap and ball pistol: (2) a 410 shotgun : and (3) a .22 caliber rilfe. Id at 134. The Court found that the cap and ball pistol should not be used as a basis for enhancement, since it had not been fired in over a year and no firing caps were found in the house. Id. The other two weapon were found in North's son room on the floor next to his bed. Id. The .410 rifle was not loaded and the .22 was inoperable.

-6-

The Court stated:

> We cognize that the room in which these weapons
> were found was next to North's room and that the
> door was opened and unlocked, thus allowing access
> to the weapons by North if the need has arisen. We
> further acknowledge the District Court's reliance
> on the amount of drug activity that took place in
> the home. We conclude, however, that this factual
> circumstance falls within the exception found in
> Application Not 3, relating to an unloaded hunting
> rifle in the closet, and warrants a finding that it
> is clearly improbable the guns were connected to the
> offense.

In the instant case, the weapon was recovered from Defendant, Kevin Williams after Defendant was arrested after leaving his Attorney's office. None of the individuals who purchase drugs from Defendant, Kevin Williams alleged that Defendant Kevin Williams use or carry an firearm during the sale or purchase of drugs. It was not even know that Defendant, Kevin Williams possessed a firearm until after his arrest at his Attorney's office. The weapon was "only use and carry in relate to Defendant, Kevin Williams "Big Daddy Lounge" to protect his business and profit. Had nothing to do with his alleged drug activity.

### DEFENDANT DID NOT WAIVE HIS SIXTH AMENDMENT RIGHT TO INEFFECTIVE ASSISTANCE OF COUNSEL

#### ARGUMENT 3

Defendant did not waive his Sixth Amendment right to Ineffective Assistance of Counsel. A defendant may be permitted to raised ineffective Assistance of Counsel claims on appeal. See, United Stated v. Attar, 38 f3d. 727, 731 (4th Cir. 1994)( holding that a defendant who waives his appellate rights can also challenge proceedings following the guilty plea that were conducted in violation of the Sixth Amendment right to counsel, because a defendant's agreement to waive appellate review of his sentence is implicitly conditioned on the assumption that the proceedings following entry of the plea will be conducted in accordance with constitutional limitations).

-7-

Defendant, Kevin Williams attorney "did not" objection to the two-level enhancement. Defendant, Kevin Williams received in his sentencing for possession of a firearm discovered during an arrest at his attorney's office. There was nothing linking the firearm to the crime allegedly committed by Defendant, Kevin Williams, and his attorney was ineffective in failing to raise that issue before the District Court prior to sentencing, not only is Defendant, Kevin Williams subjected to a higher standard of review, he has also had his sentence increased signicantly based on firearm that were not involved with the offense. If was ineffective on the part of my attorney not to raise this issue before the District Court, Defendant, Kevin Williams "did not" waive his right to assert claims of ineffective assistance of counsel on appeal.

The Sixth Amendment to the United States Constitution guarantees that criminal defendants are entitled to the assistance of counsel in presenting their defense. " The right to counsel is a fundamental right of criminal defendants: it assures the fairness, and thus the legitimacy, of our adversary process". Kimmelman v. Morrison, 477, U.S. 365, 374 (1986). Furthermore, the United States Supreme Court has recognized that "the right to counsel is the right to effective assistance of counsel". McMann v. Richardson, 397 U.S. 759, 771 (1970). The right to effective assistance of counsel at any critical stage encompasses the right to have an advocate for one's cause. See, Avery v. Alabama, 308 U.S. 444, 446, 60 S Ct. 312, 323 (1940) Counsel must "subject the prosecution's case to meaningful adversarial testing". United States v. Cronic, 466 U.S. 648, 659, 104 S Ct. 2039, 2947 (1984).

It is the client's right to expect that his lawyer will use every skill, expend every energy, and tap every legitime resource in the exercise of independant professional judgment on behalf of the client and undertaken representantation of the client's interests. Frazer v. United States, 18 f3d. 778, 785 (9th Cir. 1994) "Defense counsel must do his utmost to bring his legal acumen to bear on behalf of the defendant including keep the defendant fully informed of developements in the case and consult

-8-

with the defendant on all major decisions to be made "conduct a reasonable pre-trial investigation, which should include contacting potential witnesses: prepare adequately and professionally for trial: conduct the trial to the best of his ability: and at the bottom, serve as a vigorous and devoted advocate of the defendant's cause". See, United States Ex Rel. Partee v. Lane, 926 f2d. 694, 702 (7th Cir. 1991). The Supreme Court has determined "that the Sixth Amendment right to counsel extends to sentencing in federal cases". Mempha v. Rhay, 389 U.S. 128, 134 (1967), the Court have often recognized that one of the important functions of defense counsel at sentencing is to ensure that the defendant is sentenced on the basis of accurate information. In Townsend v. Burke, 334 U.S. 736, 740 (1948, the Supreme Court stated that counsel would have been under a duty to prevent the Court from proceeding on such false assumptions and perhaps under a duty to seek remedy elsewhere if they persisted. In interpreting the Strickland standard, several circuits have held that counsel's failure to object to inaccurate information contained in a defendant's presentence investigations report constituties falling below an objective standard of reasonableness.

In United States v. Restrepo, 832 f2d. 146 (11th Cir 1987), the Eleventh Circuit conclude that "the government must advance some satisfactory grounds to support a contested PSI statement, some information such as to be persuasive of the validity of the PSI charge". Id at 149. Counsel may have provided ineffective assistance by failing to insure that sufficient rebuttal information was provided the Court at sentencing. See, United States v. Rone, 743 f2d. 1169 (7th Cir. 1984) and United States v. Ford, 918 f2d. 1343 (8th Cir. 1990).

Thus the quintessential miscarriage of justice is that Defendant, Kevin Williams was given by the District Court a two-level enhancement for possessing of a gun during the commission of a drug crime. The District Court failed to meet its burden of proof or evidence that Defendant, Kevin Williams possessed the firearm during the commission of the drug crime. From the constitutional violation of the Sixth Amendment at sen-

tencing Defendant, Kevin Williams suffered great prejudice in that he was sentenced to a total base offense level of 35 the bottom of the range, 168 months.

WHEREFORE PREMISES CONSIDERED, based upon the foregoing argument and legal authorities and command of the United States Constitution, Defendant, Kevin Williams move this Honorable Court will consider each of the merit of each issues raised and/or arguer herein and vacate, set aside and/or correct Defendant, Kevin Williams enhanced sentence or grant any other relief proper.

Respectfully submitted,

Kevin Williams, Pro Se,
Reg. No. 27373-034
Federal Correctional Institution
P. O. Box 7000, Unit-G
Texarkana, Texas 75505

CERTIFICATE OF SERVICE

The undersigned certifies, that I have mail a true and correct copy of the above documents and placed it in the United States Mail Box at FCI, Texarkana, Texas on this ___14th___ day of ___January___ 2005 to the following party or parties. Title 28 U.S.C. 1746.

CLERK OF THE COURT
Loreita G. Whyte, District Clerk                    (3) copies:
United States District Court
Eastern District of Louisiana
U.S. Courthouse
500 Camp Street, Room C-151
New Orleans, LA 70130

Subscribed this ___14th___ day of ___January___ 2005:

Respectfully submitted,

Kevin Williams, Pro Se,
Reg. No. 27373-034
Federal Correctional Institution
P. O. Box 7000, Unit-G
Texarkana, Texas 75505

-10-

DC 12 (Rev 8/82)

APPLICATION TO PROCEED IN FORMA PAUPERIS,
SUPPORTING DOCUMENTATION & ORDER

| United States District Court | DISTRICT EASTERN DISTRICT OF LOUISIANA |
|---|---|
| CASE TITLE<br><br>KEVIN WILLIAMS    v.    UNITED STATES OF AMERICA | DOCKET<br>CR00-00-383<br>MAGISTRATE CASE NO.<br><br>SECT. D |

I, ____Kevin Williams_____, declare that I am the (check appropriate box)

- ☐ petitioner/plaintiff            ☒ movant (filing 28 U.S.C 2255 motion)
- ☐ respondent/defendant       ☐ _____
                                                    other

in the above-entitled proceeding, that, in support of my request to proceed without being required to prepay fees, cost or give security therefor, I state that because of my poverty, I am unable to pay the costs of said proceeding or give security therefor; that I believe I am entitled to relief. The nature of my action, defense, or other proceeding or the issues I intend to present on appeal are briefly stated as follows:

In further support of this application, I answer the following questions

1. Are you presently employed?                                            Yes ☒    No ☐
   a. If the answer is "yes," state the amount of your salary or wages per month, and give the name and address of your employer. (list both gross and net salary)
      FCI, Texarkana locate at P. O. Box 7000, Unit, Texarkana, Texas
      Monthly pay of $ 55.00

   b. If the answer is "no," state the date of last employment and the amount of the salary and wages per month which you received.

                                            N/A

2. Have you received within the past twelve months any money from any of the following sources?
   a. Business, profession or other form of self-employment      Yes ☐    No ☒
   b. Rent payments, interest or dividends?                                Yes ☐    No ☒
   c. Pensions, annuities or life insurance payments?                 Yes ☐    No ☒
   d. Gifts or inheritances?                                                            Yes ☐    No ☒
   e. Any other sources?                                                              Yes ☒    No ☐

If the answer to any of the above is "yes," describe each source of money and state the amount received from each during the past twelve months.

From family and friends approximately $600.00 in the last year

3. Do you own any cash, or do you have money in checking or savings account?
   Yes [X]   No [ ]   (Include any funds in prison accounts.)
   If the answer is "yes," state the total value of the items owned.
   $28.17

4. Do you own any real estate, stocks, bonds, notes, automobiles or other valuable property (excluding ordinary household furnishings and clothing)?
   Yes [ ]   No [X]
   If the answer is "yes," describe the property and state its approximate value.
   N/A

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

   Mother and childerns

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __January 31, 2005__.
(Date)

_____
Signature of Applicant

---

**CERTIFICATE**
*(Prisoner Accounts Only)*

I certify that the applicant herein has the sum of $ _____
on account to his credit at the _____
institution where he is confined. I further certify that the applicant likewise has the following securities to his credit according to the records of said institution: _____

_____
Authorized Officer of Institution

---

**ORDER OF COURT**

| | |
|---|---|
| The application is hereby denied | The application is hereby granted. Let the applicant proceed without prepayment of cost or fees or the necessity of giving security therefor. |
| _____<br>United States Judge    Date | _____<br>United States Judge    Date<br>or Magistrate |

## Inmate Inquiry 

| | | | |
|---|---|---|---|
| Inmate Reg #: | 27374034 | Current Institution: | Texarkana FCI |
| Inmate Name: | WILLIAMS, KEVIN | Housing Unit: | WEST |
| Report Date: | 01/29/2005 | Living Quarters: | G01-018L |
| Report Time: | 10:21:47 AM | | |

General Information | Account Balances | Commissary History | Commissary Restrictions | Comments

## General Information

| | |
|---|---|
| Administrative Hold Indicator: | No |
| No Power of Attorney: | No |
| Never Waive NSF Fee: | No |
| Max Allowed Deduction %: | 100 |
| PIN: | 7412 |
| FRP Participation Status: | Participating |
| Arrived From: | |
| Transferred To: | |
| Account Creation Date: | 4/16/2002 |
| Local Account Activation Date: | 7/1/1991 |
| Sort Codes: | |
| Last Account Update: | 1/29/2005 9:48:42 AM |
| Account Status: | Active |
| ITS Balance: | $0.55 |

### FRP Plan Information

| FRP Plan Type | Expected Amount | Expected Rate |
|---|---|---|
| Unicor % | $0.00 | 50% |

## Account Balances

| | |
|---|---|
| Account Balance: | $28.17 |
| Pre-Release Balance: | $0.00 |
| Debt Encumbrance: | $0.00 |
| SPO Encumbrance: | $0.00 |
| Other Encumbrances: | $0.00 |
| Outstanding Negotiable Instruments: | $0.00 |
| Administrative Hold Balance: | $0.00 |
| Available Balance: | $28.17 |
| National 6 Months Deposits: | $1,648.63 |
| National 6 Months Withdrawals: | $1,626.50 |
| National 6 Months Avg Daily Balance: | $64.46 |
| Local Max. Balance - Prev. 30 Days: | $140.07 |
| Average Balance - Prev. 30 Days: | $46.39 |