FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 FEB 16 AM 8: 21

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATE OF AMERICA | CRIMINAL |
| VERSUS | NO. 00-383 |
| KEVIN WILLIAMS | SECTION "D" |

### TRANSFER ORDER

Defendant, Kevin Williams, has filed a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 in which he is challenging the constitutionality of his 2001 conviction and sentence. To support his challenge, defendant asserts the following grounds for relief:

1) Defendant's limited waiver of defendant's rights does not preclude this court from hearing this § 2255 motion.

2) The district court committed plain error in enhancing defendant's sentence by two levels for possession of a firearm.

3) Defendant did not waive his Sixth Amendment right to effective assistance of counsel.

A review of this Court's record reflects that defendant has filed a prior § 2255 motion related to this same conviction and sentence. In that motion, filed November 20, 2003, defendant raised the following grounds for relief:

DATE OF ENTRY
FEB 16 2005

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

1)     Petitioner was erroneously subjected to a two point firearm enhancement, resulting in a complete miscarriage of justice.

2)     The petitioner's actual innocence of the court's imposition of an upward departure from the guideline range which constituted an error as a matter of law which resulted in the petitioner being subject to an illegal sentence.

3)     Petitioner's Sixth Amendment right to effective assistance of counsel was violated.

That motion was dismissed with prejudice on the merits by Judgment entered January 7, 2004. Defendant appealed that judgment and the United States Fifth Circuit Court of Appeals denied issuance of a certificate of appealability. <u>United States v. Williams</u>, No.04-30169 (5th Cir. May 4, 2004).

The motion presently before the Court is considered to be a second or successive motion as described in 28 U.S.C. §§ 2244 and 2255. In order to overcome the prohibition against the filing of second or successive claims, the defendant must establish that the motion contains one of the following requirements:

1)     claims based on newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the defendant guilty of the offense; or

2)     claims based on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

Before the motion can be considered on the merits by this District Court, the defendant must obtain certification from the United States Fifth Circuit Court of Appeals to file this second or successive motion by making a prima facie showing of the above listed requirements to that

appellate court as required by § 2255. Until such time as defendant obtains said certification, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that defendant's motion be construed in part as a motion for certification for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that this motion be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244 and § 2255 to file the instant motion to vacate in this District Court.

New Orleans, Louisiana, this _15_ day of _Feb_____, 2005.

_____
UNITED STATES DISTRICT JUDGE

3