# CIVIL COVER SHEET

CIVIL ACTION 05-5018

CRIMINAL 00-383

SECT. D MAG. 2

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.

## I.(a) PLAINTIFFS
KEVIN WILLIAMS

**(b)** County of Residence of First Listed Plaintiff:
(Except in U.S. Plaintiff Cases)

**(c)** Attorneys (Firm Name, Address, and Telephone Number)

### DEFENDANTS
UNITED STATES OF AMERICA

County of Residence of First Listed Defendant:
(In U.S. Plaintiff Cases Only)
Note: In land condemnation cases, use the location of the tract of land involved.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in one box only)

- [ ] 1 U.S. Government Plaintiff
- [X] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Cases Only) (Place an "X" in one box for plaintiff and one box for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated & Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. ORIGIN (Place an "X" in one box only)

- [ ] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [X] 5 Transferred from another district (Specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (Place an "X" in one box only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **Personal Injury** | **Personal Injury** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21USC881 | | [ ] 430 Banks & Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement Judgment | [ ] 330 Federal Employers' Liability | **Personal Property** | [ ] 640 R.R. & Truck | | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 370 Other Fraud | [ ] 650 Airline Regs. | **PROPERTY RIGHTS** | [ ] 470 Racketeer Influenced & Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 371 Truth in Lending | [ ] 660 Occupational Safety/Health | | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal Property Damage | [ ] 690 Other | [ ] 820 Copyrights | [ ] 850 Securities/Commodities Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 385 Property Damage Product Liability | | [ ] 830 Patent | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | | | [ ] 840 Trademark | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | | | | [ ] 892 Economic Stabilization Act |
| | | | | | [ ] 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | [ ] 894 Energy Allocation Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [X] 510 Motions to Vacate Sentence | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | [ ] 530 Habeas Corpus: General | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations | [ ] 535 Death Penalty | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 540 Mandamus & Other | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 550 Civil Rights | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | | | [ ] 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | |
| | | | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | | | [ ] 871 IRS - Third Party 26 USC 7609 | |

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite Jurisdictional statutes unless diversity.)

TRANSFER

**28 USC 2255 - MOTION TO VACATE** (NATURE OF SUIT: 510)

## VII. REQUESTED IN COMPLAINT:
Check if this is a **CLASS ACTION**
[ ] under F.R.C.P.23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND [ ] YES [ ] NO

## VIII. RELATED CASE(S) IF ANY
(See Instructions):
Judge _____
Docket Number _____

DATE

SIGNATURE OF ATTORNEY OF RECORD

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | |
|---|---|
| KEVIN WILLIAMS, #27374034 | § |
| VS. | § |
| F.C.I. WARDEN | § |

## ORDER

Petitioner Kevin Williams, a prisoner confined at the FCI Texarkana, brings this petition for a writ of habeas corpus challenging his conviction pursuant to 28 U.S.C. § 2241. The petition was referred for findings of fact, conclusions of law, and recommendations for disposition of the case.

Petitioner was convicted in the Eastern District of Louisiana of conspiracy to possess with intent to distribute and distribution of over fifty grams of cocaine base. Petitioner states that on September 26, 2001, he was sentenced to 168 months imprisonment, with five years supervised release. The Fifth Circuit affirmed the conviction on February 20, 2003. Petitioner's § 2255 motion was denied on January 7, 2004.

Petitioner is now challenging his conviction pursuant to § 2241, as opposed to § 2255. Petitioner asserts that the District Court erred in enhancing Petitioner's sentence by two levels for possession of a firearm. Petitioner asserts that the presentence investigator informed the court, after Petitioner's guilty plea, that Petitioner had possessed a gun.

The disposition of the petition is governed by the Fifth Circuit's opinion in *Pack v. Yusuff*, 218 F.3d 448 (5th Cir. 2000). The Fifth Circuit noted that a § 2241 proceeding attacks the manner

1

in which a sentence is carried out. *Id.* at 451. A § 2255 motion is the method to mount a collateral attack on a federal conviction. *Id.* "A petition for a writ of habeas corpus pursuant to 2241 is not a substitute for a motion under 2255." *Id.* at 452 (citations omitted). A § 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a § 2255 motion. *Id.*

The Court noted that § 2255 contains a "savings clause" that will permit a § 2241 petition to act as a § 2255 motion in rare cases where the petitioner shows that the remedy under § 2255 is inadequate or ineffective. *Id.* The Court held that a § 2241 petition may not be used as a substitute for a § 2255 motion just because the § 2255 motion is time barred. *Id.* at 452-53. The Fifth Circuit also noted that other circuits have held that a defendant may invoke the "savings clause" exception "only when the Constitution demands it, or where otherwise Congress would violate the Suspension Clause by imposing a conviction or sentence without allowing for section 2241 relief." *Id.* at 453 (*citing In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998)). The Fifth Circuit chose not to decide the precise scope of the "savings clause," but held that the petitioner in that case did not establish the inadequacy or ineffectiveness of the § 2255 remedy. *Id.*

In *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998), the court concluded that "a federal prisoner should be permitted to seek Habeas only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." 147 F.3d at 611. The Court went on to specify the following qualifications: First, the change in the law has to be made retroactive by the Supreme Court; second, the change in the law must be one that eludes the permission in Section 2255 for successive motions and, third, the "change in law" is not to be equated to a difference between the

2

law in the circuit in which the prisoner was sentenced and the circuit in which he is incarcerated. *Id.* at 611-12.

Petitioner has not even begun to satisfy the requirements specified in *Davenport*. The Petitioner is not citing a change in law.

In conclusion, Petitioner is attempting to impermissibly use a § 2241 petition as a substitute for a § 2255 motion. Consequently, the Court should construe this case as a 28 U.S.C. § 2255 case and transfer the case to the convicting court to decide. The Court hereby

**ORDERS** that this case be **TRANSFERRED** to the United States District Court of the Eastern District of Louisiana.

**SIGNED this 29th day of August, 2005.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

KEVIN WILLIAMS, )
    Petitioner, )
)
v. ) Case No. 505CV 164
) (To be supplied by Clerk)
)
UNITED STATES OF AMERICA, )
Paul A. Kastner, Warden, )
    Respondent. )

## PETITION FOR WRIT OF HABEAS CORPUS
## UNDER 28 USC § 2241

COMES NOW THE PETITIONER, Kevin Williams, acting in Pro-Se, and petitions this Honorable Court for relief under 28 U.S.C. § 2241. The following are essential facts in this case and the grounds that support his petition:

1.) This petition concerns a sentence imposed under a federal judgment.

2.) Petitioner's present place of incarceration is the Federal Prison Camp, P.O. Box 9300, Texarkana, Texas 75505.

3.) Petitioner filed for Habeas Corpus relief under 28 USC § 2255.

    NAME OF COURT: United States District Court for the Eastern District of Louisiana.

    NATURE OF PROCEEDING: Petition for Writ of Habeas Corpus under 28 U.S.C. § 2255.

    GROUNDS RAISED: a. That sentence was enhanced illegally by use of a gun possession assertion that was never established by evidence or testimony and thus denied him his

(1)

A TRUE COPY I CERTIFY
DAVID J. MALAND, CLERK
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
By: _____

       right to have all the evidence heard before a jury and proven beyond a reasonable doubt as guaranteed him by the Sixth Amendment of the United States Constitution.

   b. Whether the petitioner is actually innocent of the court's imposition of an upward departure to petitioner's Guideline range constituted an error as a matter of law which which resulted in the petitioner being subjected to an illegal sentence.

   c. Petitioner's Sixth Amendment rights to effective assistance of counsel was violated.

RESULT: Petitioner was denied by the sentencing court

DATE OF RESULT: January 7th, 2004.

4. The sentencing court did not address petitioner's arguments as to "actual innocence, and erred in their findings as to petitioner's enhancements and to his denial of effective assistance of counsel.

5. Petitioner is **not** presently represented by counsel.

6. NAME AND COURT WHICH IMPOSED SENTENCE: United States District Court for the Eastern District of Louisiana.

7. CASE NUMBER: 00-385

8. OFFENSE FOR WHICH SENTENCE WAS IMPOSED: One (1) count of Conspiracy to Possess with Intent to Distribute and One (1) Count of Distribution of over 50 grams of Cocaine Base.

9. DATE UPON WHICH SENTENCE WAS IMPOSED AND THE TERMS OF THE SENTENCE: September 26, 2001. Sentenced to 168 months/ with 5 years supervised release.

10. WHEN WAS A FINDING OF GUILT MADE? After a plea of Guilty.

11. Petitioner <u>did</u> appeal from the judgment of conviction or imposition of sentence.

12. IF YOU DID APPEAL FROM THE JUDGMENT OF THE CONVICTION OR THE IMPOSITION OF THE SENTENCE, GIVE THE FOLLOWING INFORMATION FOR EACH APPEAL:

   a. (1) NAME OF COURT: United States Court of Appeals for the Fifth Circuit.

      (2) RESULT: Appeal dimissed.

      (3) DATE OF RESULT: February 20, 2003

      (4) CITATION OR NUMBER OF OPINION: 01-31199

      (5) GROUNDS RAISED: District Court erred in enhancing defendant's sentence for possession of a firearm in connection with a drug offense, and defendant's waiver of his appeal rights does not encompass this error.

   b. (1) NAME OF COURT: United States District Court for Eastern District of Louisiana.

      (2) RESULT: Appeal dismissed.

      (3) DATE OF RESULT: January 7, 2004

      (4) CITATION OR NUMBER OF OPINION: 05-30169

      (5) GROUNDS RAISED:

         (a) Defendant's limited waiver of defendant's rights does not preclude the court from hearing the issues presented in defendant's § 2255 Motion.

         (b) The District Court committed plain error in enhancing defendant's sentence by two levels for Possession of a firearm.

         (c) Defendant did not waive his Sixth Amendment Right to effective assistance of counsel.

13. STATE CONCISELY EVERY GROUND ON WHICH YOU CLAIM THAT YOU ARE BEING HELD

UNLAWFULLY:

a. GROUND ONE: That defendant is being held under an illegal sentence that was enhanced by the use of information presented to the courts and accepted as actual guilt, denying the defendant his Sixth Amendment rights to have all evidence presented to a jury for findings.

SUPPORTING FACTS: After defendant pled to One (1) Count, the conspiracy, and Count Three (3), Distribution of Over 50 grams of Cocaine base, the court received information from the Presentence Investigator of a gun possession. The defendant objected to this allegation, but the court rejected this argument and sentenced defendant to 168 months of incarceration. At no time did defendant admit to any gun possession and claimed "actual innocence" as to the allegation. Defendant was further denied use of the "Savings Clause" of § 2255 that could have been used under a claim of innocence.

14. ARE YOU PRESENTLY REPRESENTED BY COUNSEL? No.

WHEREFORE, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

                                Kevin Williams # 27374-034
                                Petitioner Pro-Se
                                Federal Prison Camp
                                P.O. Box 9300
                                Texarkana, Texas  75505

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

                                Kevin Williams

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
500 STATELINE AVENUE
TEXARKANA, TEXAS 75501

OFFICIAL BUSINESS

Clerk of Court
Eastern Dist of Louisiana
102 Versailles Street
Suite 501
Lafayette, LA 70501

24316 00.83⁰ SEP 19 2005
8650 MAILED FROM ZIP CODE 75501

Receipt No: _____
Deputy Clerk: _____

FINANCIAL & CIVIL ALLOTMENT SHEET

ACCOUNT CODE:                                           REGISTRY FUND:

6855XX   Accounts                                       604700   Accounts
_____  - Restitution                                      _____  - Cash Bonds
_____  - U.S. Postal Service Forms                        _____  - Land Condemnation
_____  - Petty Offense                                    _____  - Deceased & Deserting Seaman

GENERAL & SPECIAL FUNDS:

         _____  - Attorney Admission
                 085000 - $20.00 / 510000 - $30.00     **TOTAL $50.00**
         _____  - Certificate of Good Standing - Duplicate Certificate of Admission
                 085000 - $5.00 / 510000 - $10.00      **TOTAL $15.00**
086900   - **FILING FEES**
         _____  - Civil Filing Fee ($60.00)
         _____  ** Misc. Filings - Other District Judgment, Other District Subpoena ($39.00) \_\_\_
         _____  - Writ of Habeas Corpus ($5.00)
         _____  - Appeals Filing Fee ($255.00) - Misdemeanor ($32.00)
322350   - **COPY FEES** (.50 per page - # of pages _____)
         _____  - Microfiche ($5.00) Magnetic Tape Recordings ($26.00) \_\_\_\_\_
322360   - **MISCELLANEOUS ACCOUNTS**
         _____  - Certification ($9.00 - # of Cert. _____)
         _____  - Records Search ($26.00 Each Name - # of names _____)
         _____  - Retrieval of Records - Fed. Records Ctr. ($45.00 PREPAY)
         _____  - NSF Check ($45.00)
322380   - Recovery of Costs - Jury Assessment _____
         _____  - 510000 - **Special Fund - Filing fee ($90.00)** ***TOTAL FILING FEE $250.00***
         _____  - 510100 - Registry Handling Fee (Court Ordered filing fee - less than $150.00)

FINES & MISCELLANEOUS ACCOUNTS

         _____  - 504100 - Crime Victim Fund, Collateral Forfeitures (CVB), Assessment Fee, etc.
         _____  - 6855XX - Disciplinary Enforcement Fund ($15.00 Triannually, $5.00 PRO HAC VICE)

ACCOUNTS RECEIVABLE

         _____  - 092300 - Criminal Justice Act (96 092300 - CJAPANL) - (ALL CJA PAYMENTS)

**CIVIL ACTION**                                        **CRIMINAL**

RECEIVED FROM (FIRM): KEVIN WILLIAMS

CASE NUMBER: **05-5018**          SECTION: **00-383**

CASE TITLE: UNITED STATES OF AMERICA   VERSUS   KEVIN WILLIAMS
                                                         **SECT. D MAG. 2**
PAYMENT OF   CASH _____   CHECK _____   MONEY ORDER _____

**TRANSFER CASE**
EASTERN DISTRICT OF TEXAS - TEXARKANA DIVISION       SEAMAN \_\_\_  PAUPER \_\_\_  USA \_\_\_  NON CASH \_\_\_

---

Civil Action Cases (for New Filings Only)

Designate form to be used by counsel to indicate the Category of the cause for purpose of assignment to the appropriate Judge's calendar. PLACE AN (X) IN ONE CATEGORY ONLY.

_____  1. Cases requiring immediate action         \_\_X\_\_  5. Habeas Corpus Petition
        by the Court such as TRO, Injunction,                  filed under Title 28 USC Sec. 2255
        Orders to Show Cause, etc.                _____  6. Petitions for Stay of Execution
_____  2. Antitrust                                            Death Sentence
_____  3. Patent, Trademark, Copyright           _____  7. Social Security Case
_____  4. Civil Rights Case                      _____  8. All Others

Is this a CLASS ACTION?          _____  Yes  \_\_X\_\_  No
Is this a THREE JUDGE COURT?     _____  Yes  \_\_X\_\_  No
Is this a RELATED CASE?          _____  Yes  \_\_X\_\_  No

_____
Attorney of Record

**U S DISTRICT COURT**
Eastern District of Texas
500 Stateline Ave, Room 302
Texarkana, TX
75501

903-794-8561

September 19, 2005

U S DISTRICT COURT
Clerk, Eastern District of Louisiana
~~H3 Federal Bldg~~ 102 Versailles St
~~705 Jefferson Street~~ Suite 501
Lafayette, LA 70501

Case # 5:05-cv-164
Style: WILLIAMS v KASTNER

CIVIL ACTION
05-5018

CRIMINAL
00-383

SECT. D MAG. 2

Dear Clerk,

Pursuant to an order from our court, we are transferring to your District the above entitled cause of action. We are forwarding certified copies of the order of transfer, docket sheet and Petition for Writ.

In February 2004, the Eastern District of Texas implemented CM/ECF. You may access our electronic case file at the following web address: **https://ecf.txed.circ5.dcn**. The login is **US3674** and the password is **5STETIE5!**.

The login and password should not be shared with anyone other that federal court personnel who would have a need to access our electronic case file system. You will need Adobe Acrobat reader loaded on your computer in order to view the documents.

If you need help accessing our electronic file call our help desk at 1-855-251-7534 or the number listed at the top of this letter.

Sincerely,
David J Maland, Clerk
By _____
Deputy Clerk

Enclosures
Received items described above on this date_____.
And assigned Case Number_____.
Clerk, US. District Court
By_____

CASREF, CLOSED, HABEAS

## U.S. District Court [LIVE]
## Eastern District of TEXAS LIVE (Texarkana)
### CIVIL DOCKET FOR CASE #: 5:05-cv-00164-DF-CMC

Williams v. Kastner
Assigned to: Judge David Folsom
Referred to: Magistrate Judge Caroline Craven
Cause: 28:2241 Petition for Writ of Habeas Corpus (federa

Date Filed: 08/24/2005
Jury Demand: None
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: U.S. Government Defendant

**Petitioner**

**Kevin Williams**　　　　　　　　　　represented by **Kevin Williams**
27374-034
Federal Prison Camp
PO Box 9300
Texarkana, TX 75505
PRO SE

V.

**Respondent**

**Paul Kastner**
*Warden*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/24/2005 | 1 | PETITION for Writ of Habeas Corpus (Filing fee $ 5. paid), filed by Kevin Williams.(sm,) (Entered: 08/24/2005) |
| 08/24/2005 |  | Filing fee paid: $ 5, receipt number 5-1-000248 (sm,) (Entered: 08/24/2005) |
| 08/24/2005 |  | STANDING ORDER REFERRING PRISONER CASES to Magistrate Judge Caroline Craven for pretrial. Signed by Judge David Folsom on 8/24/2005. (sm,) (Entered: 08/24/2005) |
| 08/29/2005 | 2 | ORDER that this case be TRANSFERRED to US District Court of the Eastern Dist of Louisiana. Signed by Judge Caroline Craven on 8/29/2005. (sm,) (Entered: 08/29/2005) |
| 09/19/2005 |  | Interdistrict transfer to the Eastern District of Louisiana (no objections received within 20 days so will now close and transfer case). (sm,) (Entered: 09/19/2005) |

A TRUE COPY I CERTIFY
DAVID J. MALAND, CLERK
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
By: _____